

112 W. 34th St.
18th Floor
New York, NY 10120

John C. Ertman
(917) 846-3603 DIRECT
(917) 793-9033 FAX
john.ertman@ertmanlaw.com

February 1, 2021

**VIA ECF**

Honorable Naomi Reice Buchwald
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re: <u>Polcom USA, LLC v. Affiliated FM Insurance Company</u>, 1:20-cv-9206-NRB

Dear Judge Buchwald:

We are writing on behalf of Plaintiff Polcom USA, LLC ("Polcom") pursuant to Local Civil Rule 37.2 to request a conference with the Court regarding entry of a scheduling order and setting of a schedule for discovery in this matter. Consistent with the Federal Rules of Civil Procedure and the Local Rules, Polcom is prepared to proceed to discovery of this matter during the pendency of Defendant Affiliated FM Insurance Company's ("AFM") Motion to Dismiss (Dkt. No. 21) (the "Motion to Dismiss"). AFM has refused to agree to any discovery schedule that does not stay all discovery until after the resolution of the Motion to Dismiss. Briefing on the Motion, however, will not be completed until March 8, 2021.

A stay of discovery pending resolution of the Motion to Dismiss is unwarranted. This case was filed on November 3, 2020, after AFM unjustly refused to pay Polcom's multi-million-dollar claim under the parties' marine shipping insurance policy (the "Policy"). AFM's Motion to Dismiss is based solely on statute of limitations grounds, where AFM is contending Polcom's action is untimely because of language in the Policy that a suit should be brought within one year "after the happening of the loss."[1] Unfortunately for AFM, the Second Circuit in its 2010 *Fabozzi* decision has directly interpreted this same language to mean that the insured is required to bring suit within one year of the insurer's denial of coverage, which indisputably happened here, and therefore Polcom's action is timely under the Policy.[2] The cases AFM cites in its moving brief on its Motion to Dismiss are all unavailing to AFM, because they deal with

---

[1] *See* Dkt. No. 22 at 4-8.
[2] *Fabozzi v. Lexington Ins. Co.*, 601 F.3d 88, 93 (2d Cir. 2010) ("[L]anguage such as 'after the happening of the loss' is considered to be 'lacking in precision' such that the limitations 'period is computed not from the time of the occurrence of the physical loss . . . but from the time that liability accrues.'").

---

Having read both letters, the Court is not persuaded that there has been a showing of good cause to conduct discovery while the potentially dispositive motion to dismiss is pending. SO ORDERED.

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Dated: New York, New York
February 5, 2021

language in insurance policies different from the language at issue in this case, and thus do not negate the holding in *Fabozzi*. Accordingly, on its face AFM's Motion to Dismiss has no merit, and is merely a delaying tactic.

Although no scheduling conference has been scheduled yet in this case, we as Polcom counsel reached out to AFM counsel to hold a Rule 26(f) conference, in keeping with the parties' obligation under Rule 26 of the Federal Rules of Civil Procedure to hold such a conference as soon as practicable. We proposed the attached case schedule to AFM (see attached Exhibit A), where discovery would commence this month. AFM's counsel confirmed to us that their client is not willing to commence any discovery at all, including initial Rule 26(a) disclosures and document requests, until starting 30 days after the Court's decision on the Motion to Dismiss.

Although the burden is on AFM to seek a stay of discovery pending their Motion to Dismiss, in order not to let this issue linger further, we respectfully request that the Court schedule a teleconference to discuss the commencement of discovery and the entry of a scheduling order along the lines Polcom has proposed.

Respectfully submitted,

ERTMAN DULIS & HELISEK PLLC

By: _____
John C. Ertman

Counsel for the Plaintiff Polcom

cc: Counsel of Record, *via* PACER